## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Austin Johnson et al.

v.

Virginia Department of
Transportation Commissioner

April 12, 1996

Case No. CH95-159

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this inverse condemnation case, residential property owners seek damages allegedly resulting from a sound barrier wall erected across the street from the landowner's property in conjunction with construction of the Fredericksburg East-West Connector. VDOT filed a demurrer that was argued on February 26, 1996. Both parties thereafter submitted memoranda.

When considering a demurrer, the facts alleged in the plaintiff's pleading and all facts that may be reasonably inferred from such allegations are admitted. Therefore, for the purposes of this decision, the facts are those alleged by the landowners in their bill for declaratory judgment pursuant to Virginia Code § 8.01-187.

The landowners are joint owners of a parcel of residential property located on Summit Street in Fredericksburg. The barrier wall was erected by VDOT as part of its construction of the Fredericksburg East-West Connector. No part of the landowners' property was taken or physically damaged by the project. The sound barrier is not on the landowners' property, nor does it abut the property. It is "across the street."

In their pleadings, the landowners do not allege any particular property interest that they own across the street from their property. Nevertheless, in their memorandum, they assert a right of "light, air and view." In support of their position that the sound wall has caused compensable damage, the landowners refer to an annotation at 25 A.L.R. 4th 671, *Eminent Domain Compensability for Loss of View*. That article, however, cites authorities that involve highway projects on land directly abutting the land-

owners' property. Even in such situations, the authorities are split on the issue of compensability. When loss of view results from construction of improvements that do not abut the landowners' property, the cases hold that such a loss is not compensable.

There are no Virginia cases regarding sound walls or other improvements on non-abutting property. Generally, property is "damaged" where some of the landowner's property is taken and the residue is damaged or where property that abuts a taking is damaged, even though no land has been acquired from the parties initiating suit. Although the Fourteenth Amendment and Art. I, § 11, of the Constitution of Virginia protect citizens against governmental taking or damaging of their property without just compensation, there are limits to the meaning of the word "damaged." For example, the constitutional safeguards do not protect the landowner from fluctuations in the value of his property resulting from governmental decisions to put neighboring property to a lawful, albeit unattractive, use. Construction of a public facility that does not invade the corpus or otherwise directly affect it, but has the consequential effect of injuring or depreciating the value of property in the neighborhood, is not compensable. *City of Lynchburg v. Peters*, 156 Va. 40 (1931).

As the Supreme Court declared in *Pepco v. Highway Commissioner*, 211 Va. 745 (1971), "The constitutional requirement of compensation does not . . . import the necessity of payment in every case where financial loss, giving the word 'damage' its ordinary rather than its legal meaning, might be shown as the result of a public undertaking. Unless rights identifiable as property rights are involved, the loss may be *damnum absque injuria.*"

Where the corpus itself is neither taken nor invaded or some appurtenant right or easement annexed to the corpus is directly affected, any depreciation of property value resulting from a public improvement is not compensable. These landowners have no cognizable property rights across the street from their property. Thus, the erection of a sound wall there, though unattractive to the neighborhood, cannot constitute compensable damage to their property.

Accordingly, the demurrer must be sustained and the suit dismissed.